IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Dr. Patty Young, M.D., | § | |
| dba Premier Plastic | § | |
| Surgery of Texas, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. |
| v. | § | 4:19-cv-00388 |
| | § | |
| CUTERA, Inc, | § | |
| | § | |
| Defendant. | § | |

## Plaintiff's Proposed Findings of Fact and Conclusions of Law

Plaintiff hereby proposes the Court accept and adopt the following Findings of Fact and Conclusions of Law following trial on the merits. To the extent the Court determines that any finding of fact identified below is actually a conclusion of law, and vice versa, Plaintiff requests that the Court treat the finding or conclusion accordingly.

Plaintiff contends that because this case is a diversity case that was removed from Texas State court, the Court is obliged to apply the substantive laws of the State of Texas as the rule of decision. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

Plaintiff also will provide additional briefing, at the Court's request, as to the issues in the case.

# FINDINGS OF FACT

1.      Plaintiff Patty K. Young is a licensed, board certified plastic surgeon and owner of Premier Plastic Surgery in Plano, Texas.

2.      Plaintiff purchased a truSculpt 3D machine from Cutera on May 24, 2017.

3.      Before purchase, Cutera salesman Matt Falkenstein made several misrepresentations to Plaintiff about the uses, benefits, safety, and efficacy of the machine.

4.      Mr. Falkenstein was an authorized representative of Defendant, and as such, his statements and representations are attributable to Defendant.

5.      Prior to speaking with Falkenstein, Plaintiff knew nothing about Cutera or its products, and Falkenstein knew of Plaintiff's ignorance on these issues.

6.      At the time of sale, Defendant left Plaintiff with no written materials regarding the machine.

7.      Prior to the sale, Defendant either intentionally or negligently made false and misleading representations of fact to Plaintiff, and omitted to tell Plaintiff facts about the Machine, that were crucial to Plaintiff's decision to purchase, including:

   a. that the machine would produce a 24% reduction in subcutaneous fat deposits from a single use on patients on whom it was used;
   b. that the machine was not "operator dependent" meaning any properly-trained staff person could perform treatments on patients;
   c. that use of the machine would only create mild heating discomfort in patients similar to a hot stone massage;
   d. that Plaintiff would be enrolled in a marketing program called

"Center of Influence" which would result in Plaintiff being able to earn speaking fees at conferences and other renumeration;

e.  that upon purchase, Plaintiff would be enrolled in Defendant's marketing program known as "Center of Influence" which program allegedly would provide Plaintiff with additional marketing support and the opportunity to earn monetary compensation for speaking fees and other actions;

f.  that the machine had been "approved by the FDA" for the uses Defendant said the machine would perform (including fat lipolysis); and

g.  that should the machine ever malfunction, it would be promptly repaired to working order.

8.      At the time of sale and before, Defendant provided Plaintiff with no written materials about the machine, its safety, or efficacy, and Plaintiff relied solely on statements, promises, and representations made to her by Falkenstein in making her decision to purchase the machine.

9.      Defendant intended for Plaintiff to rely on Falkenstein's misrepresentations and omissions, and Plaintiff reasonably or justifiably relied thereon in entering into a contract with Defendant that she would not have entered had the truth been disclosed, and Plaintiff thereby proximately suffered actual damages.

10.      The sale contract signed by Plaintiff and Defendant consisted of only a single page, trial exhibit PX1, bearing Plaintiff's signature near the bottom of the page..

11.      Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree when making the sale of the machine.

12.      Plaintiff would not have purchased the machine but for the promises, representations, and warranties made to her by Defendant, or if Plaintiff had been informed about the true nature of the machine and its lack of efficacy and safety.

13.     After purchasing the machine and receiving documentation and training from Cutera, Plaintiff began using the machine on her medical patients.

14.     Plaintiff and her staff performed all treatments using the machine in full compliance with the training and instructions that Defendant provided related to the machine.

15.     Treatments that Plaintiff made on her patients resulted in no benefit to any patient, in particular fat lipolysis was not observed, and the treatments resulted in severe burning of patients to the point where patients had to either quit the treatment or refused to return for subsequent treatments; this in turn reasonably resulted in Plaintiff being obliged to refund the fees paid by patients for those treatments, or Plaintiff performing substitute treatments suing other means, at no charge to the patients, in order to keep the patients satisfied with Plaintiff and her practice.

16.     Plaintiff complained to Defendant on several occasions about the problems with the machine, to wit: that it provided no benefit, and that it was causing patients severe pain, but Defendant would not, or could not, remedy either issue.

17.     The misrepresentations about the machine and its efficacy, safety, and approval made by Defendant were false and known by Defendant to be false at the time they were made, or Defendant made them recklessly without knowing whether they were true or not but made them as positive assurances.

18.     Defendant engaged in violations of the Texas Deceptive Trade Practices Act by engaging in acts or practices that were unconscionable, breached warranties, and are prohibited by Texas law, and such acts or practices were done knowingly, entitling Plaintiff to recover up to three times her economic damages as provided by law.

19.      Plaintiff has suffered economic damages equal to the full purchase price of the machine (because it has zero value), the costs she paid to her staff for training and operations, her own lost time in training that could have been used on other business, the value of alternative services she was obliged to perform on patients following unsuccessful use of the machine, and costs and attorney's fees incurring in bringing this lawsuit.

20.      Plaintiff is entitled to recover the listed economic damages from Defendant under any of Plaintiff's claims herein, all of which the Court finds to be reasonable in amount:

    a.  $135,000.00      purchase price of the machine;
    b.  $1,700.00      unusable supplies for machine;
    c.  $4,000.00      unusable spare parts for machine;
    d.  $3,000.00      unusable small hand pieces;
    e.  $1,000.00      unusable large hand piece;
    f.  $17,500.00      labor costs for staff;
    g.  $24,000.00      Plaintiff's lost income;
    h.  $5,300.00      remediation services provided to patients

**$ 191,500.00          TOTAL**

21.      Plaintiff is entitled to recover punitive damages for fraud in the amount of $_____, which the Court finds to be reasonable and justified given the facts of the case.

## CONCLUSIONS OF LAW

1.   Defendant violated the Texas Deceptive Trade Practices – Consumer Protection Act (the DTPA) by engaging in an unconscionable action or course of action. Texas Business & Commerce Code, §§17.45(5)(definition of "unconscionable"), 17.50(a)(3)(unconscionable action or course of action declared unlawful).

2.   Defendant violated the DTPA by breaching the warranties of merchantability, fitness for a particular purpose, and specific

warranties about the efficacy and safety of the machine. DTPA §17.50(a)(2)(declaring breach of warranty unlawful).

3.    Defendant violated the DTPA by:

    a.    making false representations about the machine's characteristics, uses, or benefits (DTPA §17.46(b)(5));

    b.    representing that the machine was of a particular grade or quality when it was of another (DTPA §17.46(b)(7));

    c.    representing that the machine had approval by the U.S. Food and Drug Administration that it did not have (DTPA §17.46(b)(2)); and

    d.    failing to disclose information about the machine which was known at the time of the transaction when such failure to disclose was intended to induce Plaintiff into a transaction she would not have entered had the information been disclosed (DTPA §17.46(b)(24)).

4.    Defendant breached the warranties of merchantability (Texas Business & Commerce Code §2.314) and fitness for a particular purpose (Texas Business & Commerce Code §2.315) in the sale of machine because it was not merchantable and was not fit for the purpose for which Defendant claimed it was fit and which Plaintiff relied upon in purchasing it.

5.    Defendant committed common law fraud by maliciously making false statements of fact to Plaintiff about the use, benefits, and safety of the machine in question, Defendant intended Plaintiff to rely on those statements, Plaintiff reasonably relied on those statements in deciding to purchase the machine, and Plaintiff was thereby proximately harmed for which the recovery of economic damages is appropriate. Fraud defined: *Zorilla v. Aypco Construction II, LLC*, 469 S.W.3d 143, 153 (Tex.2015).

6.    Defendant committed fraud in the inducement by committing fraud and inducing Plaintiff to enter into a binding contract based on those misrepresentations. Fraud in the inducement

defined: *Haase v. Glazner*, 62 S.W.3d 795, 797-98 (Tex.2001).

7.  Plaintiff is entitled to recover interest on the entire amount of her economic damages from date of judgment until paid in full. 28 U.S.C. §1961; 28 U.S.C. §2516 (current rate subject to change weekly; will be calculated at time of judgment).

8.  Based on the Court's findings that Defendant engaged in violations of the DTPA knowingly (DTPA §17.45(9): definition of "knowingly"), Plaintiff is entitled to recover additional damages of three times her economic damages in the amount of $574,500.00. *See* DTPA §21.50(b)(1); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304 (Tex.2006)(holding that successful DTPA plaintiffs may recover their actual economic damages plus "additional damages" up to three times economic damages as exemplary damages).

9.  In the alternative to paragraph 8 above, Plaintiff may elect to recover her actual damages plus punitive damages for fraud as found by the Court in the amount determined by the fact finder, provided, however, if Plaintiff elects this measure of punitive damages, she is not entitled to her attorney's fees as provided in paragraph 10 below.

10. Plaintiff is also entitled to recovery of her court costs and reasonable attorney's fees incurred in prosecuting this action in an amount to be determined by post-trial motions and rulings. DTPA §17.50(d).

RESPECTFULLY SUBMITTED:

/s/ James A. Pikl
Texas State Bar No. 16008850
jim.pikl@solidcounsel.com
Scheef & Stone, L.L.P.
2600 Network Blvd., Ste. 400
Frisco, Texas 75034

214-472-2100
Fax: 214-472-2150

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2020, a copy of this pleading was served on opposing counsel via the court's electronic service system.

<u>/s/ James A. Pikl</u>